Filed 4/20/16  P. v. Lopez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELEOBARDO LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B262622<br>(Super. Ct. No. VA071747)<br>(Los Angeles County) |

Eleobardo Lopez appeals a March 11, 2015 order resentencing him to life plus 90 years four months state prison following his conviction by jury for two counts of kidnapping to commit robbery (Pen. Code, § 209, subd. (b)(1))[1], 17 counts of false imprisonment (§ 236), and 17 counts of robbery (§ 211) with firearm enhancements (§§ 12022, subd. (a)(1); 12022.53, subd. (b)) and a great taking enhancement (property exceeding $50,000 in value; (former § 12022.6, subd. (a)).  We vacate the false imprisonment conviction on count 37 because it is a lesser included offense to count 1 for kidnapping for robbery.  (See e.g., *People v. Chacon* (1995) 37 Cal.App.4th 52, 65.)  There are clerical errors in the sentencing minute order and abstract of judgment.  We direct the superior court clerk to correct the March 11, 2015 sentencing minute order and abstract of judgment to reflect that: (1) the one-year firearm enhancement (§ 12022, subd. (a)(1)) on count 1 for kidnapping for robbery was stayed; (2) the trial court imposed a

---

[1] All statutory references are to the Penal Code unless otherwise stated.

one-year taking enhancement (taking in excess of $50,000; (former § 12022.6, subd. (a)) on count 1 for kidnapping for robbery; (3) the conviction and eight month sentence on count 37 for false imprisonment is vacated; and (4) a five year upper term was imposed on count 19 for robbery and stayed pursuant to section 654. Appellant's sentence is reduced to life plus 89 years eight months state prison. As modified, the judgment is affirmed.

*Procedural History*

In 2002, appellant and two cohorts robbed a food warehouse at gunpoint, forced 17 employees into the bathroom, and took seven pallets of baby formula. Appellant ordered two employees (forklift operators) to move the pallets consisting of $82,034.40 worth of baby formula.

Appellant was convicted of two counts of kidnapping to commit robbery (counts 1-2; § 209, subd. (b)(1)), 17 counts of false imprisonment (counts 3-16, 18, 37-38; § 236), and 17 counts of robbery (counts 19-34, 36; § 211.) On each count, the jury returned true findings that appellant personally used a firearm (§ 12022.53, subd. (b)) and a principal was armed with a firearm (§ 12022, subd. (a)(1)). On the aggravated kidnapping counts (count 1-2) and robbery counts, the jury found that the property taking exceeded $50,000 (former § 12022.6, subd. (a)). The trial court dismissed the conviction on count 2 for kidnapping for robbery based on insufficiency of the evidence and granted a judgment of acquittal on three robbery counts (counts 21, 22 & 29). Appellant was sentenced to life plus 90 years four months state prison.

In 2008, we affirmed the conviction in an unpublished opinion. (B196287.)

In 2014, appellant filed a habeas petition on the theory that section 12022.53 firearm enhancements were erroneously imposed on the false imprisonment counts. (See § 12022.53, subd. (a) [enhancement applies only to certain enumerated felonies].) We issued an order to show cause returnable to the trial court. (B255120.) On March 11, 2015, appellant was resentenced to life plus 90 years four months state

2

prison based on an indeterminate term of life plus 11 years, plus a consecutive determinate term of 79 years four months.[2]

*Count 1- One-Year Firearm Enhancement*

Appellant argues that the sentencing minute order and abstract of judgment incorrectly state that a one-year firearm enhancement (§ 12022, subd. (a)(1)) was imposed on count 1 for kidnapping to commit robbery in addition to the 10 year enhancement for personal use of a firearm (§ 12022.53, subd. (b)).  Where a 10 year firearm enhancement is imposed pursuant to section 12022.53, subdivision (b), all lesser firearm enhancements must be stayed.  (§ 12022.53, subd. (f); *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129-1130.)  At the resentencing hearing, the trial court said that the one-year firearm enhancement "is going to be stayed."

The sentencing minute order and abstract of judgment erroneously state that the section 12202, subdivision (a)(1) firearm enhancement was not stayed.  Appellant argues, and the Attorney General concedes, that the oral pronouncement of judgment controls.  (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.)  We order that the March

---

[2] The trial court calculated the new sentence as follows:  On count 1 for kidnapping for robbery, appellant was sentenced to life plus 10 years for personal use of firearm (§ 12022.53, subd. (b)), plus one year on the great taking enhancement (former § 12022.6, subd. (a)(1)).  The trial court imposed and stayed a one-year firearm enhancement (§ 12022, subd. (a)(1)) for an indeterminate term of life plus 11 years on count 1.

Appellant was ordered to serve a consecutive 79-year determinate term based on the following sentence calculation:  Selecting count 20 (robbery) as the principal term, the trial court sentenced appellant to the upper term of five years plus 10 years on the firearm enhancement (§ 12022.53, subd. (b)(1)), plus one year on the great taking enhancement (former § 12022.6, subd. (a)(1)).  A five year upper term was imposed on count 19 (robbery) and stayed.  (§ 654.)  On the 12 remaining robbery counts (counts 23-28, 30-34, 36) appellant was sentenced to one year (one-third the midterm) plus three years four months on the firearm enhancement (one-third the midterm; § 12022.53, subd. (b)).  On the 17 false imprisonment counts (counts 3-16, 18, and 37-38), appellant was sentenced to eight months (one third the midterm) and the firearm enhancement (§ 12022.53, subd. (b)) was stayed on each count.

11, 2015 minute order and abstract of judgment be corrected to reflect the oral judgment of the trial court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

### Count 37 - False Imprisonment

Appellant contends, and the Attorney General agrees, that the conviction on count 37 for false imprisonment must be vacated because it is a lesser included offense to count 1, kidnapping for robbery. Appellant was convicted of kidnapping for robbery (count 1) and false imprisonment (count 37) of the same victim (Jose Olmedo) during the course of a single criminal transaction. When a defendant is convicted of kidnapping, he may not be convicted or sentenced on the lesser included offense of false imprisonment of the same victim. (*People v. Chacon, supra*, 37 Cal.App.4th at p. 65; *People v. Magana* (1991) 230 Cal.App.3d 1117, 1120-1121; *People v. Ratcliffe* (1981) 124 Cal.App.3d 808, 819-820.)

### Count 1 - Great Taking Enhancement

The Attorney General argues that the sentencing minute order erroneously states that the great taking enhancement (former §12022.6, subd. (a)) on count 1 was stayed. The trial court did not stay the one-year enhancement at the oral pronouncement of judgment. The sentencing minute order and abstract of judgment should be corrected to so reflect.

### Count 19 - Robbery

Appellant was also convicted on count 19 for robbery. At the resentencing hearing, the trial court stated that "I'm imposing the high term of five years, and that is stayed pursuant to Penal Code section 654." The abstract of judgment makes no mention of the count 19 robbery conviction and sentence.

### Conclusion

Appellant was erroneously sentenced to eight months (one-third the midterm) on count 37 for false imprisonment (a lesser included offense of count 1 for kidnapping). We accordingly reduce the aggregate sentence to life plus 89 years eight months state prison. The superior court clerk is directed to amend the March 11, 2015 minute order and abstract of judgment to reflect that: (1) the one-year firearm

4

enhancement (§ 12022, subd. (a)(1)) on count 1 for kidnapping by robbery was stayed; (2) the conviction on count 37 for false imprisonment was vacated; (3) that a one-year taking enhancement (former § 12022.6, subdivision (a)) was imposed on count 1; and (4) a five year upper term sentence was imposed on count 19 for robbery and stayed pursuant to section 654. The clerk of the superior court shall forward certified copies of the amended sentencing minute order and abstract of judgment to the Department of Corrections and Rehabilitation to reflect that the total aggregate sentence is life plus a consecutive determinate term of 89 years eight months state prison. As modified the judgment is affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


        GILBERT, P. J.


        PERREN, J.


5

Lori Ann Fournier, Judge

Superior Court County of Los Angeles

_____

Christopher Nalls, under appointment by the Court of Appeals, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.